IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAZZMIN JONES, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-1733 |
| | ) |
| v. | ) |
| | ) |
| JUDGE TIFFANY SIZEMORE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Jazzmin Jones's motion to lift stay (ECF 21), following the Court's order to administratively close this case until the completion of state-court proceedings (ECF 20). Ms. Jones objects to the stay on the grounds that *Rooker-Feldman* is inapplicable because there is no final judgment in the child-custody proceedings and that *Younger* abstention is unwarranted because the abuse of her children while in foster care is an extraordinary circumstance. For the following reasons, the Court denies the motion to lift the stay.

As Ms. Jones represents, the state court issued interim custody orders following hearings in February 2025 and April 2025, with the next state-court hearing scheduled in three months. ECF 21, p. 2. Ms. Jones is right that the *Rooker-Feldman* doctrine likely wouldn't be triggered yet due to the ongoing state-court proceedings. That said, since the state-court proceedings are ongoing, the Court finds that the stay is warranted under *Younger* rather than *Rooker-Feldman*. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453 (3d Cir. 2019).

*Younger* applies to "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 462 (cleaned up). "Child custody proceedings are a strong candidate for *Younger* abstention." *Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4

(E.D. Pa. Feb. 14, 2022) (cleaned up). In deciding whether to abstain, the Court considers three factors articulated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982): "whether (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Malhan*, 938 F.3d. at 462 (cleaned up). As noted above, and as relevant to the first two factors, the child-custody proceedings are ongoing in state court, and "there can be no quarrel with the notion that child custody proceedings implicate important state interests." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 628 (E.D. Pa.).

As to the third factor, Ms. Jones argues that she has been denied the opportunity to be heard in state court because the state court "has ignored her motions and constitutional claims." ECF 21, p. 10. But the relevant inquiry is whether there are any procedural bars to raising her constitutional claims in the state-court proceedings, *e.g.*, whether she has been given the *opportunity* to present her federal claims in the state-court proceedings—"[s]o long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Mikhail*, 991 F. Supp. 2d 596 at 629 (*quoting Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 394 (2d Cir.1995)); *see also Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (plaintiff's alleged delay in state-court hearing doesn't establish a state procedural bar). "There is no bar in custody proceedings to a parent's raising [her] federal constitutional rights[,]" and Ms. Jones "remains free to raise the substance of [her]

claims for injunctive relief before the state court sitting to address custody issues." *Mikhail*, 991 F. Supp. 2d 596 at 629.[1]

Where the three prongs for *Younger* are met, abstention is not appropriate if a plaintiff can establish that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Ms. Jones argues that Defendants' pattern of constitutional violations reflects bad faith and harassment. She also argues that deferring to the state-court proceedings would result in irreparable harm to her and her children, who are suffering from abuse while in foster care—for example, she avers that her daughter was sexually assaulted and her son physically abused while in foster care. ECF 21, pp. 2, 10.

The Court finds that this doesn't rise to the level of bad faith or harassment. *See Getson v. New Jersey*, 352 F. App'x 749, 753 (3d Cir. 2009) (a proceeding "is conducted in bad faith for abstention purposes when it is brought without hope of success" (cleaned up)); *Cassell v. Cnty. of Montgomery*, No. 17-1077, 2017 WL 2672653, at *10 (E.D. Pa. June 20, 2017) (bad-faith exception not invoked where plaintiff alleged, "in conclusory fashion, that Defendants obtained the child support judgment against him in bad faith and conspired to deprive him of his constitutional rights"). Although Ms. Jones alleges that Defendants' conduct, including "removal of [her children] without cause," "misuse of emergency procedures," and the "failure to give [her] due process" show bad faith (ECF 21, p. 10), based on the allegations in the

---

[1] However, insofar as Ms. Jones seeks to recover damages, her claims will be stayed for the pendency of the state-court proceedings, as noted in the Court's prior order. *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95 (3d Cir. 2011).

amended complaint and the exhibits attached to it, the Court cannot conclude that the child removal proceedings were brought "without hope of success." *See Mikhail*, 991 F. Supp. 2d at 630 ("[A] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." (cleaned up)).

The Court also doesn't find that the extraordinary-circumstances exception applies. The allegations that Ms. Jones's children are being abused in foster care are, if true, undoubtedly, egregious. However, the Court finds that this is an insufficient basis for invoking the extraordinary-circumstances exception. This is because "[t]he Supreme Court has stated that such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, *not merely in the sense of presenting a highly unusual factual situation*, such that the state court is incapable of fairly and fully adjudicating the federal issues before it." *Mikhail*, 991 F. Supp. 2d at 630 (cleaned up) (emphasis added). "An allegation of irreparable harm by itself…is insufficient to satisfy the 'extraordinary circumstances' exception in *Younger*. In addition to establishing both 'great and immediate' harm, plaintiff must show that the threat to [her] rights under federal law cannot be adequately adjudicated in the state proceeding." *Stevenson v. Dunn-Gyllenborg*, No. 18-2553, 2018 WL 5318248, at *2 (D. Kan. Oct. 29, 2018) (cleaned up). Ms. Jones hasn't shown irreparable harm to her constitutional rights that couldn't "ultimately be corrected through the pending state proceeding or on appeal." *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019); *see also Malandrino v. Christmas*, No. 24-14172, 2024 WL 2846730, at *3 (S.D. Fla. June 5, 2024) (plaintiff's "separation from her children—and the possibility that she might lose custody over them in the future—doesn't constitute irreparable injury" within the meaning of *Younger* (cleaned up)); *Sposito v. Wheless*, No. 22-685, 2023 WL 4443004, at *6 (E.D. Tex. May

- 5 -

1, 2023) (plaintiff's allegation of "imminent damage to [her grandchildren] because they were released to their mother knowing that she had broken multiple orders previously causing her children both physical and mental harm" insufficient to invoke the extraordinary circumstance exception to *Younger* (cleaned up)).

Accordingly, for the foregoing reasons, the Court hereby **DENIES** the motion to lift stay (ECF 21). Any requests for injunctive relief ought to be directed to the state courts as part of those ongoing proceedings. Any damages claims can be addressed by this Court upon conclusion of all of the state proceedings.

Dated: April 17, 2025

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Jazzmin Jones
1402 Louise Street
Munhall, PA 15120